127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Miguel Angel CARDENAS, Defendant-Appellant.
 No. 97-30026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 6, 1997
Oct. 17, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-95-02017-AAM; Alan A. McDonald, District Judge, Presiding.
 Before: WRIGHT, FERGUSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 It was an appropriate exercise of discretion for the district court to admit evidence of ownership of the other guns under Federal Rule of Evidence 404(b). Evidence of other acts may be admitted in cases where knowledge is at issue where the act is similar to the offense charged. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir.1995). The court properly found the evidence of other guns probative as to the material element of knowledge. They were admissible as legitimately tending to prove defendant knew of the missing serial number.
 
 
 3
 The trial judge has wide latitude in making Rule 403 decisions regarding the admission of evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992) (citing United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988)). It was not an abuse of discretion for the district court to conclude that the probative value of the other guns was not substantially outweighed by the danger of unfair prejudice.
 
 
 4
 It was not an abuse of discretion for the district court to allow the government to reopen its case-in-chief. The government was permitted to introduce rebuttal evidence to counter defendant's own testimony. There was no prejudice as defendant was permitted to take the stand again and respond to the new evidence.
 
 
 5
 While it was error to allow the government to introduce the pretrial diversion agreement for purposes other than to impeach Cardenas's testimony at trial, it was the responsibility of the defense to notify the court of this error through objection. In the absence of objection, this court reviews for plain error. United States v. Amlani, 111 F.3d 705, 714 (9th Cir.1997). This was not plain error because it was not obvious and it did not result in a miscarriage of justice. See, e.g., United States v. Sayetsitty, 107 F.3d 1405, 1411-12 (9th Cir.1997).
 
 
 6
 It was not an abuse of discretion to allow the jury to review a portion of the trial testimony during their deliberations. To establish reversible error, the defense must show admission of trial testimony "misled the jury on a material issue." United States v. Nickell, 883 F.2d 824, 829 (9th Cir.1989). Admitting defendant's own exculpatory testimony should not have misled the jury.
 
 
 7
 It was not an abuse of discretion to refuse to poll each juror individually. The record shows no signs of coercion and, when asked, no juror indicated disagreement with the unanimous verdict.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3